UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No. 1:26-cv-02229-TLN-DMC-HC

**RELEASE ORDER**

Petitioner, an immigration detainee who is proceeding with counsel, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 14.)  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On July 10, 2026, the assigned magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein.  (ECF No. 21.)  Respondents filed timely objections to the findings and recommendations, objecting for the reasons stated in their answer to the petition.  (ECF No. 22 (citing ECF No. 15).)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations supported by the record and by proper analysis except as to Petitioner's third country removal claim.

1

The Court declines to adopt the findings and recommendations as to Petitioner's third country removal claim because there is nothing on the record showing Petitioner has been ordered removed to a third country or that Respondents have attempted to apply U.S. Immigration and Custom Enforcement's third country removal policy to Petitioner.  (*See generally* ECF No. 15-1.) Instead, Petitioner is subject to a reinstated final order of removal to his country of citizenship and has been denied withholding and deferral of removal under the Convention Against Torture — a decision currently on appeal to the Board of Immigration Appeals.  (*Id.* at 43–45, 55, 82–85.) Thus, while Petitioner contends he has a right to constitutionally adequate procedures prior to third country removal (ECF No. 14 at 50–52), the claim is not yet ripe because he has not been ordered removed to a third country.  The Court therefore declines to consider Petitioner's third country removal claim at this time.  Habeas relief remains appropriate however, based on Petitioner's prolonged detention and revocation of release claims.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    The findings and recommendations filed July 10, 2026 (ECF No. 21) are ADOPTED IN PART as set forth herein.

2.    Petitioner's amended petition for writ of habeas corpus (ECF No. 14) is GRANTED.

3.    Respondents must IMMEDIATELY RELEASE Petitioner John Doe from custody under the same conditions as his prior release.  At the time of release, Respondents must return all of Petitioner's documents and possessions.

4.    Petitioner shall IMMEDIATELY SERVE a copy of Petitioner's A Number to Respondents' counsel of record to facilitate Petitioner's release.

5.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with statutory and constitutional protections, including seven-days' pre-deprivation notice as well as strict compliance with the requirements of 8 C.F.R. § 241.13(i) and/or a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence that material changed circumstances demonstrate (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the

government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated: July 21, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3