**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Defendants. | No. 1:26-cv-2229-TLN-ICD (HC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner John Doe ("Petitioner"), a former immigration detainee proceeding through counsel, obtained a writ of habeas corpus under 28 U.S.C. § 2241 after immigration authorities re-detained him without notice or a hearing. Pending before the Court is Petitioner's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 25. Respondents filed an opposition requesting that the Court hold the motion in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, or, in the alternative, deny the motion on the merits. ECF No. 30. Petitioner has replied. ECF No. 31. The motion is before the undersigned for findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 54(d)(2)(D).

For the reasons below, the undersigned recommends that Respondents' request to hold the motion in abeyance be denied and that Petitioner's motion be granted in the full amount requested: $23,235.55 in attorney's fees.

## I. BACKGROUND

In March 2025, immigration authorities re-arrested Petitioner without prior notice or process after having previously released him following the 2021 reinstatement of his removal order. Petitioner remained detained in immigration custody for nearly 500 days. On March 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1), followed by an Amended

Petition on April 20, 2026 (ECF No. 14), challenging his unlawful re-detention without due process and his prolonged, indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as well as asserting claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2).

On July 10, 2026, the assigned Magistrate Judge issued Findings and Recommendations recommending that the Amended Petition be granted because Respondents failed to comply with the revocation procedures required by 8 C.F.R. § 241.13(i) and failed to rebut Petitioner's showing that his removal was not significantly likely in the reasonably foreseeable future. ECF No. 21. On July 21, 2026, the District Judge adopted the Findings and Recommendations in relevant part, granted the Amended Petition, ordered Petitioner's immediate release, and entered judgment. ECF Nos. 23, 24. Petitioner was released from custody the next day and Respondents did not appeal.

On October 21, 2026, Petitioner timely filed the instant motion seeking EAJA fees. ECF No. 25. Respondents filed an opposition on November 6, 2026. ECF No. 30. Petitioner filed a reply on November 13, 2026, submitting an updated billing statement to account for time spent preparing the reply brief. ECF No. 31.

## II. LEGAL STANDARD

Under the "American rule," litigants ordinarily bear their own litigation expenses unless a statute or private agreement provides otherwise. *Carbonell v. INS*, 429 F.3d 894, 897–98 (9th Cir. 2005). The EAJA is one such statute. *Id.* at 898. It provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party is eligible for fees under the EAJA if (1) the party prevailed; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party applied within 30 days of final judgment, with an itemized statement. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990); 28 U.S.C. § 2412(d)(1)(B). An individual must also have had a

net worth of no more than $2,000,000 when the action was filed. 28 U.S.C. § 2412(d)(2)(B). Any fees awarded must be reasonable. *Id.* § 2412(d)(2)(A).

The government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). A position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Put differently, the position must have a "reasonable basis both in law and fact." *Id.* (internal quotation marks omitted); *see Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012). The "position of the United States" includes both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019) (en banc). The government also bears the burden of showing that special circumstances make an award unjust. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

## III. ANALYSIS

### A. Respondents' Request to Hold the Motion in Abeyance

Respondents move to hold Petitioner's fee motion in abeyance pending the Supreme Court's resolution of *Montoya Palacios v. Liggins*, No. 25-1223, *cert. granted*, 2026 WL 1855057 (U.S. June 29, 2026), which presents the question whether "any civil action" under the EAJA encompasses a habeas corpus action challenging civil immigration detention. The undersigned construes this as a request to stay proceedings on the motion and recommends that it be denied.

A district court has the "discretionary power to stay proceedings" as part of its inherent authority to control its docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In deciding whether to stay, the Court weighs "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Lockyer*, 398 F.3d at 1110. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Where there is "even a fair possibility" that a stay will work damage to someone else, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. And "[i]f a stay is especially long or its term is indefinite," the Ninth Circuit "require[s] a greater showing to justify it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Respondents have not carried that burden. First, binding Ninth Circuit precedent squarely holds that a prevailing party in an immigration habeas proceeding may recover attorney's fees under the EAJA. *See In re Petition of Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985); *Nadarajah v. Holder*, 569 F.3d 906, 909–10 (9th Cir. 2009). A grant of certiorari by the Supreme Court does not alter binding circuit precedent unless and until the Supreme Court overrules it. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *Yong*, 208 F.3d at 1119 n.2.

Second, weighing the *Landis* factors counsels against a stay. Petitioner has demonstrated a fair possibility of harm: Petitioner's pro bono counsel works for a nonprofit legal services organization whose capacity and financial resources are strained by increased immigration enforcement, and delaying fee recovery undermines the EAJA's core statutory purpose of ensuring access to counsel to challenge unlawful government detention. *See Comm'r, INS v. Jean*, 496 U.S. at 163. Moreover, the stay Respondents seek would be long and indefinite. The Supreme Court granted certiorari on June 29, 2026; merits briefing is still underway, and no argument date has been set. *See Montoya Palacios v. Liggins*, No. 25-1223 (U.S.) (respondents' merits brief due November 19, 2026). A decision may not issue until the end of the Term in mid-2027. Conversely, Respondents make no showing of hardship or inequity in being required to proceed, offering only a conclusory assertion of judicial economy.

Finally, the third factor does not change the balance. *Montoya Palacios* may bear on whether the EAJA reaches immigration habeas proceedings, but it will not resolve whether Respondents' position was substantially justified or whether the requested fees are reasonable. The Ninth Circuit disfavors indefinite stays, and a district court's concern for judicial efficiency

"standing alone is not necessarily a sufficient ground to stay proceedings." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). The orderly course of justice favors resolving this straightforward fee motion under existing circuit law rather than delaying finality for an indeterminate period. Respondents' interest in the outcome of *Montoya Palacios* is protected by their ability to object to these findings and recommendations and, if necessary, to appeal.

Consistent with numerous recent decisions in this District and Circuit, Respondents' request to hold the motion in abeyance should be denied. *See, e.g.*, *M.B. v. Noem, et al.*, No. 1:26-cv-00308-TLN-ICD; *Perez Fombona v. Bondi*, No. 1:26-cv-1315-DAD-JDP, 2026 WL 2905800, at *2 (E.D. Cal. Sept. 28, 2026); *Marianela Leon E. v. Wofford*, No. 1:25-cv-01101-JLT-EGC (HC), 2026 WL 2640896, at *2 (E.D. Cal. Sept. 8, 2026); *Ortiz Landazuri v. Mullin*, No. 5:26-cv-1419-WLH-DFM, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026); *Jaraba Oliveros v. Kaiser*, No. 5:25-cv-7117, 2026 WL 2323824, at *3 (N.D. Cal. Aug. 11, 2026).

**B. Whether This Is a "Civil Action" Under the EAJA**

Even setting aside Respondents' untimely filing under Local Rule 230(c), Petitioner is entitled to an award of fees on the merits. Respondents contend that habeas corpus proceedings are hybrid actions rather than "civil actions" under 28 U.S.C. § 2412(d)(1)(A), relying on *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971), and arguing that *In re Petition of Hill* is no longer controlling in light of *Ardestani v. INS*, 502 U.S. 129 (1991). This argument is unpersuasive and foreclosed by controlling Ninth Circuit precedent.

The EAJA reaches "any civil action (other than cases sounding in tort)." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). "It is well settled that habeas corpus is a civil proceeding." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978). The footnote from *Schlanger* is not to the contrary. There, the Supreme Court acknowledged that habeas corpus is "technically 'civil,'" and concluded only that 28 U.S.C. § 1391(e), a venue and service-of-process statute, does not reach habeas proceedings. 401 U.S. at 490 n.4. That conclusion rested on the legislative history of § 1391(e), which "does not bear on whether the usage of 'civil action' in the EAJA

includes habeas proceedings." *Doe v. Chestnut*, No. 1:25-cv-01372-CDB (HC), 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026). And *Schlanger*'s observation that habeas is "not automatically subject to all the rules governing ordinary civil actions," *Schlanger*, 401 U.S. at 490 n.4, says nothing about a statute that applies to "any" civil action, subject to a single exception for tort cases that does not apply here. *See Doe*, 2026 WL 1459808, at *2.

In *Hill*, the Ninth Circuit held that EAJA fees apply to habeas corpus petitions challenging immigration detention, reasoning that courts "must look to the substance of the remedy sought, not the labels attached to the claim." *In re Petition of Hill*, 775 F.2d at 1040–41. The Ninth Circuit reaffirmed that holding nearly two decades after *Ardestani* in *Nadarajah*, 569 F.3d at 909–10. *Ardestani* addressed administrative deportation proceedings rather than federal court habeas actions and is not "clearly irreconcilable" with *Hill* or *Nadarajah*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Moreover, Petitioner's Amended Petition also asserted claims under the APA, 5 U.S.C. § 706(2), which expressly fall within the EAJA's coverage of "proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A).

The undersigned recognizes that the courts of appeals are divided. The Second, Third, and Tenth Circuits agree with the Ninth Circuit that habeas challenges to immigration detention are civil actions under the EAJA. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026), *petition for cert. filed*, No. 26-145 (U.S. July 30, 2026); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025); *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005). While the Fourth and Fifth Circuits have reached the opposite conclusion, *see Obando-Segura v. Garland*, 999 F.3d 190 (4th Cir. 2021); *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *Hill* and *Nadarajah* remain binding law in this circuit, and a grant of certiorari in an out-of-circuit case does not displace them. *See Yong*, 208 F.3d at 1119 n.2. Courts in this district and circuit have uniformly continued to apply *Hill* and *Nadarajah*. *See, e.g.*, *Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026); *Zuniga Zuniga v. Chestnut*, No. 1:26-cv-2309-TLN-JDP, 2026 WL 2884269, at *1–2 (E.D. Cal. Sept. 25, 2026); *Perez Fombona*, 2026 WL 2905800, at *2; *Doe*, 2026 WL 1459808, at *2.

This proceeding is therefore a "civil action" under § 2412(d)(1)(A), and the EAJA applies.

**C. Prevailing Party, Financial Eligibility, and Timeliness**

Respondents do not dispute that Petitioner timely filed his motion within 30 days of final judgment, that Petitioner's net worth is under $2,000,000, or that Petitioner is the prevailing party, and the undersigned finds these threshold requirements satisfied. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604–05 (2001); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (applying *Buckhannon* to the EAJA); *Carbonell*, 429 F.3d at 898–99.

**D. The Government's Position Was Not Substantially Justified**

To avoid a fee award, the government bears the burden of proving that both its underlying pre-litigation agency conduct and its litigation position were "substantially justified"—meaning "justified to a degree that could satisfy a reasonable person" with a reasonable basis in both law and fact. *Pierce*, 487 U.S. at 565; *Ibrahim*, 912 F.3d at 1167–68; 28 U.S.C. § 2412(d)(2)(D). The EAJA calls for "only one threshold determination for the entire civil action," and "favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 159, 162; *see Ibrahim*, 912 F.3d at 1169–71. When the agency action that gave rise to the litigation was not substantially justified, the Court need not decide whether the government's litigation position was. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013).

Respondents fail to carry this burden. Notably, Respondents' opposition offers no defense of DHS's pre-litigation conduct in re-arresting Petitioner without notice, an informal interview, or an opportunity to respond in violation of its own regulation, 8 C.F.R. § 241.13(i). Because the burden is theirs, that omission weighs heavily against Respondents. *See Thangaraja*, 428 F.3d at 874; *Zuniga Zuniga*, 2026 WL 2884269, at *2. Furthermore, an agency's violation of its own mandatory regulations and a petitioner's due process rights is not substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001); *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002). Long before Petitioner's re-arrest, the Supreme Court and Ninth Circuit had made clear that "[f]reedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects," *Zadvydas*, 533 U.S. at 690, that a person on conditional release has a protected liberty interest in remaining free, *Morrissey v. Brewer*, 408 U.S. 471, 482

(1972), and that due process requires notice and a hearing before depriving a previously released noncitizen of liberty, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Nor was the government's continued detention of Petitioner for roughly 16 months—or its litigation position defending that detention under 8 U.S.C. § 1231(a)(6)—substantially justified, given that Petitioner's removal was not reasonably foreseeable during his pending withholding-of-removal proceedings and appeal, and Respondents failed to offer any timeline for removal. Because the government's position as a whole lacked a reasonable basis in law and fact, and Respondents make no showing that special circumstances make an award unjust, an award of EAJA fees is mandatory. *See Love*, 924 F.2d at 1495.

**E. Reasonableness of Fees**

Under the EAJA, attorney's fees are calculated using the lodestar method by multiplying the number of hours reasonably expended by a reasonable hourly rate, adjusted only in rare cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). Although Respondents do not challenge the hourly rate or any specific billing entries, the undersigned has independently reviewed counsel's records to ensure that the award excludes hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

The EAJA caps attorney's fees at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Petitioner seeks fees at the Ninth Circuit's inflation-adjusted statutory maximum rate of $258.46 per hour for work performed in 2026. (ECF No. 25-4.) *See Thangaraja*, 428 F.3d at 876–77. The undersigned finds this rate reasonable.

Petitioner submits contemporaneous billing records reflecting 89.9 billable hours across two attorneys (54.2 hours for Rachel Smith and 35.7 hours for Marie Vincent), inclusive of 4.6 hours spent preparing the reply brief. (ECF Nos. 25-3, 31-1.) Time spent litigating the fee application is properly compensable. *See Jean*, 496 U.S. at 161–66. Counsel also exercised

appropriate billing judgment by excluding approximately six hours of potentially duplicative work and marking an additional 4.21 hours as "no charge." Having reviewed the billing records, the undersigned finds the hours expended to be reasonable, resulting in a total fee award of $23,235.55 (89.9 hours × $258.46).

**F. Payment of the Award**

An EAJA award is payable to the litigant and is subject to offset to satisfy a pre-existing debt the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Consistent with *Ratliff* and the practice in this district, the award should be made payable to Petitioner; if the Department of the Treasury determines that Petitioner does not owe a federal debt subject to offset, Respondents should pay the award directly to Petitioner's counsel, Pangea Legal Services. *See Doe*, 2026 WL 1459808, at *5; *Perez Fombona*, 2026 WL 2905800, at *4.

**IV. CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' request to hold Petitioner's motion in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223 (ECF No. 30) be DENIED;
2. Petitioner's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (ECF No. 25), as supplemented in his reply (ECF No. 31), be GRANTED;
3. Respondents shall remit to counsel for Petitioner attorneys' fees and expenses in the amount of $23,235.55; and
4. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel, Pangea Legal Services.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections

shall be filed within **fourteen (14)** days after service of objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

Dated: November 19, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE